UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.                                                    Civil No. 08-4251 (JNE/SRN)
                                                   ORDER

Patrick James Foley,

    Defendant.

This student loan collection action arises from Defendant Patrick James Foley's default on six student loans taken out between August 1981 and July 1989. Defendant admits that he defaulted on the loans but maintains that a six-year statute of limitations precludes this enforcement action by the United States of America, that Congress's 1991 abrogation of the six-year statute of limitations as applied to student loan collection actions does not apply in this case, and that if such abrogation did apply, it would be a violation of due process. The case is before the Court on the Government's motion for summary judgment. For the reasons set forth below, the Court grants the motion.

I.        BACKGROUND

The Federal Family Education Loan Program (FFELP) offers four types of student loans: Subsidized Stafford loans (Stafford); Unsubsidized Stafford loans, formerly known as Supplemental Loans for Students (SLS); Parent Loans for Undergraduate Students; and Consolidation loans. Pursuant to the FFELP, lenders make loans to qualified borrowers using their own funds. State agencies or nonprofit organizations (Guarantors) guarantee these loans, which are reinsured and often subsidized by the United States Department of Education (DOE). When a borrower defaults on repayment of a loan, the Guarantor pays the holder of the loan—either the original lender or an assignee—pursuant to the guaranty agreement and takes an

assignment of the loan. The Guarantor then files a claim with DOE for reimbursement of a percentage of the losses it incurred in honoring the default claim on the loan. After receiving reimbursement, the Guarantor must attempt to collect on the debt and remit to DOE a corresponding percentage of the debt collected from the defaulter. If the Guarantor fails to collect on the defaulted loan for a significant period of time, DOE may take an assignment of the loan and engage in its own debt-collection efforts.

The following table details the loans at issue in this case:

| Loan Date | Loan Type | Default Date | Date Guarantor Paid Lender | Date Loan Assigned to DOE | Amount Due as of 5/19/2009 |
| --- | --- | --- | --- | --- | --- |
| 8/18/1981 | Stafford | 5/11/1992 | 6/30/1993 | 3/17/1994 | $2,747.50 |
| 9/1/1987 | Stafford | 8/18/1992 | 10/7/1993 | 3/21/2001 | $18,706.17 |
| 8/11/1988 | Stafford | 8/18/1992 | 10/7/1993 | 3/21/2001 | $18,706.17 |
| 9/27/1988 | SLS | 12/16/1993 | 10/17/1994 | 9/21/2000 | $12,594.19 |
| 7/21/1989 | Stafford | 8/1/1992 | 4/16/1993 | 5/26/1999 | $17,791.74 |
| 7/21/1989 | SLS | 8/10/1992 | 4/23/1993 | 5/26/1999 | $12,046.84 |

(*See* Francisco Decl. ¶¶ 23-28.)

DOE records submitted by the Government reflect numerous unsuccessful attempts to collect from Defendant after it received assignment of the defaulted loans. The Government brought this collection action on July 1, 2008.

## II. DISCUSSION

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant "bears the initial responsibility of informing the district court of the basis for its motion," and must identify "those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies its

burden, the party opposing the motion must respond by submitting evidentiary materials that "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2); *see Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In determining whether summary judgment is appropriate, a court must look at the record and any inferences to be drawn from it in the light most favorable to the party opposing the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

A.   **Application of abrogated statute of limitations**

Before 1991, student loan collection actions by the federal government were governed by a six-year statute of limitations that ran from the time defaulted loans were assigned to DOE. *See United States v. Hodges*, 999 F.2d 341, 342 (8th Cir. 1993); *see also United States v. Distefano*, 279 F.3d 1241, 1243 (10th Cir. 2002) (citing 20 U.S.C. § 1091a(4)(B), (C) (1986)). The Higher Education Technical Amendments of 1991 (HETA), however, abrogated that statute of limitations. *Hodges*, 999 F.2d at 342; *see also Lockhart v. United States*, 546 U.S. 142, 144 (2005) (noting that HETA "sweepingly eliminated time limitations as to certain loans"); *United States v. Lawrence*, 276 F.3d 193, 196 (5th Cir. 2001) (stating that HETA "eliminates all limitations defenses for collection of student debts"). The applicable statute now provides that "no limitation shall terminate the period within which suit may be filed . . . by the Secretary [of Education] for the repayment of the amount due from a borrower on a loan made under this subchapter . . . that has been assigned to the Secretary under this subchapter . . . ."[1] 20 U.S.C. § 1091a(a)(2)(D) (2006).

---

[1]   The relevant subchapter is subchapter IV of chapter 28 of Title 20.

*1. Assignment under Title 20*

Defendant acknowledges that his student loans were made under Title 20 but argues that the Government has not shown that those loans were assigned to DOE under Title 20. Section 1080(a) of Title 20 of the United States Code governs the assignment of student loans to DOE, providing that upon default of any student loan

> covered by Federal loan insurance pursuant to this part,[2] and prior to the commencement of suit or other enforcement proceedings upon security for that loan, the insurance beneficiary shall promptly notify the Secretary, and the Secretary shall if requested (at that time or after further collection efforts) by the beneficiary, or may on the Secretary's own motion, if the insurance is still in effect, pay to the beneficiary the amount of the loss sustained by the insured upon that loan as soon as that amount has been determined.

20 U.S.C. § 1080(a) (2006). After making such payment, the United States is "subrogated for all of the rights of the holder of the obligation upon the insured loan and [is] entitled to an assignment of the note or other evidence of the insured loan by the insurance beneficiary." *Id.* § 1080(b).

Defendant contends that no assignment occurred under § 1080(a) because no evidence establishes that DOE actually paid money to the Guarantors or that insurance was in effect at the time of payment. DOE records submitted by the Government, however, identify the dates and amounts the Guarantors paid the lenders, the dates and amounts that DOE paid the Guarantors pursuant to the Guarantors' reinsurance claims, and the dates of assignment from the Guarantors to DOE. Moreover, the record contains Certificates of Indebtedness stating that Defendant defaulted on each loan, the Guarantor paid a claim to the lender, the Guarantor was reimbursed by DOE "under its reinsurance agreement," and the Guarantor assigned its right and title to the loan to DOE. Defendant offers no evidence to the contrary. Moreover, § 1080(a)'s payment and

---

[2] The relevant part is 20 U.S.C. §§ 1071-87.

insurance requirements govern the relationship between the lenders and the United States, and do not create a private right of action or affirmative defense for student loan debtors. *Cf. United States v. Dwelley*, 59 F. Supp. 2d 115, 119 (D. Me. 1999) (finding that section 1080(a)-(d) is "in place solely to govern the relationship between insured lenders and the United States and therefore do[es] not enable a cause of action for student borrowers"). Therefore, HETA's abrogation of the statute of limitations applies to the loans in this case.

2. *Guarantor's claim for reimbursement on the 1989 SLS loan*

Defendant also maintains that the SLS loan made on July 21, 1989, was not assigned pursuant to Title 20 because the Guarantor sought reimbursement from DOE more than thirty days after it paid the lender on the claim. After a Guarantor pays a lender upon a borrower's default, the Guarantor "shall file a claim for reimbursement . . . within 30 days . . . ." 20 U.S.C. § 1078(c)(1)(A) (2006). However, "the Secretary may waive his right to refuse to make or require repayment of a reinsurance payment if, in the Secretary's judgment, the best interests of the United States so require." 34 C.F.R. § 682.406(b) (2008). Here, by reimbursing the Guarantor of the 1989 SLS Loan, DOE waived the 30-day requirement and the assignment of that loan was properly made pursuant to Title 20. Accordingly, no statute of limitations precludes the Government's collection efforts with respect to the 1989 SLS loan.

**B.     Due process**

Finally, Defendant argues that HETA's repeal of the six-year statute of limitations violates his due process rights under the Fourteenth Amendment. Generally, the Fourteenth Amendment is not violated by "the repeal of a statute of limitation on personal debts" because such repeal "does not deprive a debtor of property." *Hodges*, 999 F.2d at 342 (citing *Campbell v. Holt*, 115 U.S. 620 (1885)). However, a "fourteenth-amendment violation might occur if the

abrogation of the statute of limitations [worked] 'special hardships or oppressive effects.'" *Id.* (quoting *Chase Secs. Corp. v. Donaldson*, 325 U.S. 304 (1944)).

Defendant identifies numerous "aspects of oppression for a class of student loan cases." Specifically, Defendant argues that application of HETA worked special hardships or oppressive effects because the statute of limitations was eliminated through "parliamentary tricks"; the statute of limitations for student loan debtors is now the same as for murderers and traitors; student loans insert irrationality into the free market; student loans are not dischargeable in bankruptcy; student loans are of questionable social utility; and lenders and schools are the primary beneficiaries of student loans. All of these alleged hardships and oppressive effects, however, reflect policy judgments within Congress's domain and do not support Defendant's argument that abrogation of the statute of limitations violated due process.

The only special hardships or oppressive effects alleged by Defendant that are specific to him are the increase of his original $30,000 in loans to an indebtedness of roughly $90,000, and DOE's dilatory enforcement of the defaulted loans. Neither argument is persuasive. First, while tripling of the amount due on the original loans is a hardship, it is the natural consequence of the accrual of interest on an unpaid principal amount and does not constitute a special hardship. Second, the record contains evidence of numerous collections letters and phone calls sent and made by DOE or an associated entity after the loans were assigned to DOE. Indeed, Defendant acknowledges receiving "numerous phone calls and occasional letters." Such collection efforts belie any allegations of excessive delay by DOE. *See Lee v. Spelling*, 447 F.3d 1087, 1089 (8th Cir. 2006).

Moreover, additional factors weigh against finding special hardships or oppressive effects in this case. Pre-HETA, the statute of limitations began to run only after assignment of the

defaulted loans to DOE. All of the loans at issue here were assigned after 1991. Thus, "this case does not present the sort of retroactivity problem that arises when a new statute revives claims *already barred* under a previous statute of limitations." *Distefano*, 279 F.3d at 1244; *see also Lee*, 447 F.3d at 1090. Furthermore, with the exception of the 1981 Stafford loan, abrogation of the statute of limitations only extended the time period before suit was brought between fifteen and thirty-seven months. Defendant has not shown that the harms he complains of are specifically attributable to this delay. *See Distefano*, 279 F.3d at 1244. Therefore, this case does not present the special hardships or oppressive effects necessary to establish a violation of due process.

### III. CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. The Government's Motion for Summary Judgment [Docket No. 11] is GRANTED.

2. Judgment shall be entered against Defendant in the amount due and owing as of May 19, 2009, as stated in the declaration of Alberto Francisco [Docket No. 14], plus any interest that has accrued since that date in addition to post-judgment interest and costs pursuant to 28 U.S.C. § 2412(a)(2).

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: September 10, 2009

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge